IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL L. STEPHENS, Individually and as Executor of the Estate of JOHN M. STEPHENS, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL NO. 09-633-GPM ) |
| A.W. CHESTERTON, INC., et al., | ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion for remand to state court brought by Plaintiff Michael L. Stephens, individually and as executor of the estate of John M. Stephens, deceased (Doc. 9). In this case Michael Stephens seeks damages under the Illinois Wrongful Death Act, 740 ILCS 180/0.01 *et seq.*, the Illinois Survival Act, 755 ILCS 5/27-6, and the Illinois Rights of Married Persons Act, 750 ILCS 65/0.01 *et seq.*, in connection with the death of John Stephens from mesothelioma allegedly caused by exposure to asbestos. Michael Stephens brought suit originally in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, and Defendant Foster Wheeler Energy Corporation ("Foster Wheeler"), which is sued individually and as successor-in-interest to C.H. Wheeler, has removed the case to this Court.[1] Federal subject matter jurisdiction is

---

1. It appears from the record of this case that, in addition to A.W. Chesterton, Inc., Foster Wheeler's co-Defendants are: Alfa Laval, Inc., individually and as successor-in-interest to Sharples Corp.; American Standard, Inc., d/b/a American Standard Products, Inc.; Asco Valves, Inc.; Aurora Pump Co.; Bell & Gossett Pumps; Bondex International, Inc.; Borg-Warner Corp. by its successor-in-interest Borg Warner Morse Tec, Inc.; Carrier Corp.; Carver Pump Co.; CBS Corp., a

alleged on the basis of 28 U.S.C. § 1442, the so-called "federal officer" removal statute. Having considered the matter carefully, the Court now rules as follows.

A defendant seeking removal bears the burden of establishing federal subject matter jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 835 (S.D. Ill. 2006). Federal removal jurisdiction is statutory in nature and is to be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993); *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007). Removal is proper if it is based on permissible statutory grounds and if it is timely. *See Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529

---

Delaware corporation f/k/a Viacom, Inc., successor by merger to CBS Corp., a Pennsylvania corporation f/k/a Westinghouse Electric Corp.; Certain-Teed Corp.; Cleaver-Brooks, Inc.; Control Components, Inc., sued individually and as successor-in-interest to Bailey Valves Co.; Crane Co., sued individually and as successor-in-interest to Cochrane, Inc.; Crown Cork & Seal Co.; Elementis Chemicals, Inc., f/k/a Harcros Chemical, Inc., sued individually and as successor-in-interest to Harrisons & Crossfields (Pacific), Inc.; Elliott Turbomachinery Co.; Fairbanks Morse Engine, an Enpro Industries Co.; Fiatallis North America, Inc., sued individually and as successor-in-interest to Allis-Chalmers Corp.; Flowserve Corp., sued individually and as successor-in-interest to BW/IP International, Inc., f/k/a Byron Jackson Pump Division; FMC, as successor of Northern Pumps and Peerless Pumps; Fort Kent Holding f/k/a Dunham-Bush, Inc.; Gardner Denver, Inc.; Garlock Sealing Technologies, LLC, sued individually and as successor-in-interest to Garlock, Inc.; Georgia-Pacific Corp.; General Electric Co.; General Motors Corp.; Goodyear Tire & Rubber Co.; Grinnell Corp.; Hardie-Tynes Manufacturing Co.; Honeywell International; Imo Industries, Inc.; Industrial Holdings Corp. f/k/a Carborundum Co.; Ingersoll-Rand Co.; ITT Industries, Inc., Barton Instruments Division a/k/a Prime Measurement Products, LLC, f/k/a Barton Instrument Systems, LLC; John Crane, Inc.; Leslie Controls, Inc.; Owens-Illinois, Inc.; Marley Co., Division of Weil McLain United Dominion; Metropolitan Life Insurance Co.; Packing & Insulations Corp.; Peerless Industries, Inc.; Phillips Electronics North America Corp.; Prime Measurement Products, LLC, sued individually and as successor-in-interest to Barton Instrument Systems, LLC; Riley Stoker Corp.; Sealing Equipment Products Co. a/k/a Sepco Corp.; SPX Corp., sued individually and as successor-in-interest to Dezurik/Copes-Vulcan; Tyco International (US), Inc., for Tyco Valves & Controls, a unit of Tyco Flow Control as successor to Yarway Corp. and Grinnell Corp. and Kunkle Valve; Union Carbide Corp.; Viking Pumps, Inc.; Warren Pumps, LLC; Weir Valves & Controls USA, Inc.; Yarway Corp.; and York International Corp.

(7th Cir. 2004); *Battle v. Countrywide Home Loans, Inc.*, No. 05 C 3022, 2005 WL 2284250, at *1 (N.D. Ill. Sept. 15, 2005). Any doubts about the propriety of removal must be resolved against removal and in favor of remand to state court. *See Clevenger v. Eastman Chem. Co.*, No. 07-cv-148-DRH, 2007 WL 2458474, at *1 (S.D. Ill. Aug. 24, 2007); *Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000).

In this case, as noted, the asserted basis for federal subject matter jurisdiction is 28 U.S.C. § 1442, which provides, in relevant part, for the removal of "[a] civil action . . . commenced in a State court against . . . [t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office[.]" 28 U.S.C. § 1442(a)(1). To effect removal as a person acting under a federal officer, Foster Wheeler must prove three elements: (1) it is a "person" within the meaning of the statute; (2) it acted under the direction of a federal officer, meaning that there is a nexus or causal connection between Michael Stephens's claims and the acts Foster Wheeler allegedly performed under the direction of a federal officer; and (3) Foster Wheeler has a colorable federal defense to state-law liability. *See Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999); *Mesa v. California*, 489 U.S. 121, 129 (1989); *Willingham v. Morgan*, 395 U.S. 402, 407 (1969); *Wisconsin v. Schaffer*, 565 F.2d 961, 964 (7th Cir. 1977); *Mills v. Martin & Bayley, Inc.*, Civil No. 05-888-GPM, 2007 WL 2789431, at *5 (S.D. Ill. Sept. 21, 2007).

As an initial matter the Court notes that Foster Wheeler has not filed a timely response to Michael Stephens's motion for remand, and therefore the Court is entitled in its discretion to construe Foster Wheeler's failure to respond as assent to the motion. *See Cynthia L. Holmes, P.C. v. Back Doctors, Ltd.*, Civil No. 09-540-GPM, 2009 WL 2930634, at *2 n.2 (S.D. Ill. Sept. 10, 2009)

(citing SDIL-LR 7.1(c)). The Court notes also that it appears from the notice of removal in this case that there is some question as to the timeliness of the removal of this case and as to whether Foster Wheeler has attached to the notice of removal a copy of all process, pleadings, and orders that were served upon it before the removal of this case, as Foster Wheeler is required to do, of course, under 28 U.S.C. § 1446(a). However, the timeliness of Foster Wheeler's removal of this case has not been challenged by Michael Stephens, and therefore the Court assumes the issue is waived. *See* 28 U.S.C. § 1447(c); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 932 (S.D. Ill. 2006). As for the matter of whether Foster Wheeler has complied with 28 U.S.C. § 1446(a), a violation of that provision of the removal statutes ordinarily is not grounds to deny removal, although naturally the Court encourages all removing parties to comply strictly with the procedural requirements for removal. *See Reynolds v. Schucks Mkts., Inc.*, Civil No. 09-334-GPM, 2009 WL 2259251, at *1 n.3 (S.D. Ill. May 19, 2009).

     Moreover, leaving aside all of the foregoing matters and turning to the merits of the instant motion for remand to state court, the Court finds that Foster Wheeler, as the proponent of federal subject matter jurisdiction in this case, has failed to carry its burden of proof as to the existence of such jurisdiction. Foster Wheeler claims in its notice of removal that it is entitled to invoke federal officer jurisdiction because at least part of John Stephens's alleged exposure to asbestos occurred during his service in the United States Navy ("USN") aboard the U.S.S. *Fiske* and U.S.S. *Meramec*, vessels for which Foster Wheeler claims that it manufactured components, including boilers and economizers, that contained asbestos. Foster Wheeler, which the parties do not dispute is a "person" for purposes of the first prong of the test of federal officer jurisdiction, *see Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 845 n.3 (S.D. Ill. 2006) (a corporation is a "person" within the meaning

of 28 U.S.C. § 1442) (collecting cases), claims with respect to the second and third prongs of the test that in designing equipment for the U.S.S. *Fiske* and U.S.S. *Meramec* the company acted under the direction of the USN and that the company is entitled to assert the so-called "government contractor defense" or "military contractor defense," which provides generally, of course, that a private contractor is shielded from liability under state law for defects in products or equipment that it produced for the United States if: (1) the United States approved reasonably precise specifications for the products or equipment; (2) the products or equipment conformed to those specifications; and (3) the contractor warned the United States about any dangers known to the contractor but not to the United States. *See Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997-98 (7th Cir. 1996); *Lambert v. B.P. Prods. N. Am., Inc.*, Civil No. 04-347-GPM, 2006 WL 924988, at *6 (S.D. Ill. Apr. 6, 2006). To establish the second prong of the test of federal officer jurisdiction with respect to Michael Stephens's claim of negligence against Foster Wheeler based on the latter's alleged failure to warn of the asbestos contained in the products the company furnished to the USN, Foster Wheeler must produce evidence that the USN prevented the company from complying with its duty to warn under state law. *See Weese v. Union Carbide Corp.*, Civil No. 07-581-GPM, 2007 WL 2908014, at **6-7 (S.D. Ill. Oct. 3, 2007). Similarly, to establish the first prong of the government contractor defense, Foster Wheeler must show that the USN approved specific warnings that precluded Foster Wheeler from complying with its state-law duty to warn. *See id.* at *9.[2]

---

2. The second prong of the test of federal officer jurisdiction and the first prong of the government contractor defense are very similar, obviously, and they tend to merge in the analysis of a claim of federal officer jurisdiction. *See, e.g., Hilbert v. Aeroquip, Inc.*, 486 F. Supp. 2d 135, 147-48 & n.11 (D. Mass. 2007).

The only evidence produced by Foster Wheeler in support of its claim of federal officer jurisdiction are affidavits by J. Thomas Schroppe, an employee of Foster Wheeler from 1962 until 1999, and Ben J. Lehman, who served as a ship superintendent in the USN and who claims in that capacity to have had personal involvement with the supervision and oversight of ship construction as well as ship alterations and equipment overhauls. *See* Doc. 2-4 at 57-69. In the past the Court has attached little significance to such evidentiary materials, unaccompanied as they are by exemplar contracts between the USN and its contractors or pertinent regulations promulgated by the USN or another responsible agency. *See Sether v. Agco Corp.*, Civil No. 07-809-GPM, 2008 WL 1701172, at **3-4 (S.D. Ill. Mar. 28, 2008). Most importantly, even assuming for the sake of argument that it is the case that, as Schroppe and Lehman attest in their affidavits, the USN exercised the final control over the content of the warnings that accompanied the equipment supplied to it by Foster Wheeler, this does not negative the possibility that Foster Wheeler had responsibility for designing the warnings, in whole or in part, or that the USN required contractors like Foster Wheeler to provide safety warnings in accordance with state-law duties of care. *See id.* at *4. The Court is mindful that, "[b]ecause federal officer removal is rooted in 'an anachronistic mistrust of state courts' ability to protect and enforce federal interests and immunities from suit,' although such jurisdiction is read 'expansively' in suits involving federal officials, it is read narrowly where, as in this instance, only the liability of a private company purportedly acting at the direction of a federal officer is at issue." *Weese*, 2007 WL 2908014, at *3 (quoting *Freiberg v. Swinerton & Walberg Prop. Servs., Inc.*, 245 F. Supp. 2d 1144, 1150, 1152 n.6 (D. Colo. 2002)). Additionally, the Court is required to construe the record in this case "in the light most favorable to remand while resolving all deficiencies in the record against . . . the proponent of removal[.]" *Alsup*, 435 F. Supp. 2d at 846.

Finally, while the Court recognizes that "a federal defense sufficient to permit removal under [28 U.S.C. § 1442] need only be colorable, not guaranteed to prevail," *Weese*, 2007 WL 2908014, at *4, on the state of the record Foster Wheeler has not put forward sufficient evidence even to raise an inference of a colorable federal defense. The Court concludes that this action is due to be remanded to state court.

To conclude, Michael Stephens's motion to remand (Doc. 9) is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: October 22, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge